IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION


SHIRLEY A. MARSHALL, F/K/A
SHIRLEY A. MILLIKEN                                                                          PLAINTIFF


V.                                          CASE NO.  3:09CV00060 JMM


STATE FARM FIRE & CASUALTY CO.                                               DEFENDANT

### ORDER

Pending before the Court is defendant's Motion for Summary Judgment.  Plaintiff has not filed a response.  For the reasons stated below, the motion is granted (#17).

Plaintiff brings her complaint against defendant alleging that defendant acted in bad faith in denying her insurance claim for replacement value coverage under her insurance policy issued by defendant.  Defendant contends that plaintiff's deposition testimony establishes as a matter of law that it did everything it was required to do under the insurance policy and that it did not engage in any conduct that could be considered bad faith.

I.  *Facts*

Plaintiff owned a home located at 2517 West Rose Street, Blytheville, Arkansas, which was insured under Homeowners Policy No. 04-B5-1747-8 which had been issued by defendant.

On April 7, 2004, while plaintiff was away from home, thieves broke into her home, stole personal property, including a large 61 inch television, and set the house on fire in an apparent attempt to cover up the crime.

Following the fire, plaintiff reported the loss to defendant which began an investigation. While defendant was investigating plaintiff's claim, defendant provided her with claim documents, an advance payment to replace personal property, and money for additional living expenses.  After investigating plaintiff's reported loss, defendant accepted the loss as covered and paid plaintiff $118,900.00 which was the face amount of the dwelling coverage as called for under the policy.

Plaintiff has no complaint against defendant concerning the way defendant handled payment of the dwelling coverage on the house.  Plaintiff agrees that defendant paid her in full for her claims for additional living expenses and she has no complaints concerning the payment of additional living expenses.

The declarations page of plaintiff's policy provides for any claim for personal property to be handled under the "B1-Limited Replacement Cost Loss Settlement" provisions which can be found on page 12 of the policy booklet.  The Limited Replacement Cost provision of the policy applicable to plaintiff's loss provides as follows:

B1 - Limited Replacement Cost Loss Settlement.

   a.   We will pay the cost to repair or replace property covered under SECTION 1—COVERAGES, COVERAGE B — PERSONAL PROPERTY, except for property listed in item b below, subject to the following:

     (1) until repair or replacement is completed, we will pay only the cost to repair or replace less depreciation;

     (2) after repair or replacement is completed, we will pay the difference between the cost to repair or replace less depreciation and the cost you have actually and necessarily spent to repair or replace the property; and

      (3) if property is not repaired or replaced within two years after the date of loss, we will pay only the cost to repair or replace less depreciation.

  b. We will pay market value at the time of loss for:

      (1) antiques, fine arts, paintings, statuary and similar articles which by their inherent nature cannot be replaced with new articles.

      (2) articles whose age or history contribute substantially to their value including, but not limited to, memorabilia, souvenirs and collectors items, and

      (3) property not useful for its intended purpose.

However, we will not pay an amount exceeding the smallest of the following for items a and b, above:

  (1) our cost to replace at the time of loss;

  (2) the full cost of repair;

  (3) any special limit of liability described in the policy; or

  (4) any applicable Coverage B limit of liability.

Def. Ex. C.

The Amendatory Endorsement Form FE-2204 pertaining to Arkansas claims includes the following provision:

**SECTION I — CONDITIONS:**

Suit Against Us.  No action shall be brought unless there has been compliance with the policy provisions.  The action must be started within the period of time allowed by law.

*Id.*

On October 27, 2004, defendant's representative, Carolyn Hudson, sent plaintiff a letter along with a check in the amount of $28,978.73 and a copy of plaintiff's personal property

inventory form. The letter included an explanation that the payment of $28,978.73 represented the actual cash value of the contents that had been damaged or lost and that the term "actual cash value," reflected the current cost to replace an item less depreciation based on the item's useful life and age. The letter from Hudson further explained to plaintiff that the policy allowed up to two years from the date of loss to replace items in order to receive the full replacement value. Plaintiff acknowledges receiving the letter from defendant.

After reading the letter from Hudson explaining defendant's replacement cost provisions, plaintiff understood the contents of the letter and that, in order to receive the benefits of the replacement cost policy provision, she would have to replace those items within two years of the date of loss.

Defendant has paid plaintiff the full amount of replacement cost on every item she has replaced within two years from the date of loss for which she has submitted a receipt.

As to each item of personal property which is a part of plaintiff's contents claim and which has not actually been replaced within two years from the date of loss, defendant has paid plaintiff based on replacement cost, less depreciation, as set forth in the above quoted "Loss Settlement Provision."

The persons employed by defendant with whom plaintiff dealt regarding her claims were Wayne Keton and Hudson. Plaintiff testified that she believed Keton and Hudson treated her with kindness and respect.

Plaintiff does not contend that any of defendant's representatives were dishonest, oppressive, or malicious toward her. Plaintiff does not have any problems with the way Keton, Hudson, or any other of defendant's representatives treated her.

Plaintiff's only disagreement with defendant about how her claims were handled is that she disagrees with the replacement cost policy provisions which require that, in order to recover full replacement cost, the item must be replaced within two years from the date of loss.

Plaintiff has a Bachelor's Degree in Business from Arkansas State University and is employed by the Mississippi County Economic Opportunity Commission ("MCEOC").  In her job as Housing Director of the MCEOC, plaintiff has experience in dealing with legal documents.  Plaintiff has had more experience with legal documents and insurance documents than the average person.

In addition to her employment with the MCEOC, plaintiff has engaged in the real estate and rental property business since the early 1990's.  She has dealt with insurance companies other than defendant in connection with her real estate and rental business.

II. *Analysis*

Summary judgment is appropriate when there is no genuine issue of material fact and the dispute may be decided solely on legal grounds.  *Seymour v. City of Des Moines*, 519 F.3d 790, 796 (8th Cir. 2008);  Fed. R. Civ. P. 56.  The initial inquiry is whether there are genuine factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  Where a motion for summary judgment is properly made and supported an opposing party must set forth specific facts showing a genuine issue for trial.  *See* Fed.R.Civ.P. 56(e)(2).

"The tort of bad faith is an extension of the well-established rule by which an insurance company may be held liable for its failure to settle a claim within policy limits. . . . The tort of bad faith requires affirmative misconduct, without a good faith defense; the affirmative

misconduct must be dishonest, malicious, or oppressive in an attempt to avoid the insurer's liability under an insurance policy." *Reynolds v. Shelter Mut. Ins. Co.*, 313 Ark. 145, 148, 852 S.W.2d 799, 801 (1993) (internal citations omitted).

There are no genuine issue of material fact and there is no evidence that defendant engaged in any dishonest, malicious, or oppressive conduct or that it breached any obligation it had under the terms of the policy.

III. *Conclusion*

Defendant's Motion for Summary Judgment is granted and plaintiff's complaint is dismissed. Judgment will be entered accordingly.

IT IS SO ORDERED THIS  8   day of   April  , 2010.

_____
James M. Moody
United States District Judge